```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**LAWSON HEIRS INCORPORATED,**
a Virginia corporation

       Plaintiff,

v.                                    Civil Action No. 2:17-cv-2198

**SKYWAY TOWERS, LLC,** a
Delaware limited liability
Company, and **DELORSE FRY FARLEY,**
and **HOWARD LEE FARLEY JR.,**
husband and wife,

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the motion for a partial protective order, filed by defendant Skyway Towers, LLC on January 22, 2018.

This case arises out of construction of a cellular communications tower by defendant Skyway Towers, LLC ("Skyway") on a plot of land that is alleged to be partially owned by plaintiff and partially owned by other defendants Howard Lee Farley, Jr. and Delorse Fry Farley. Compl. ¶¶ 5-10.

Plaintiff Lawson Heirs Incorporated ("LHI") represents that Skyway's agent was made aware that LHI believed the subject plot straddled the property line and encroached onto its land prior to construction. Id. at ¶¶ 9-10. Nevertheless, in

1

December of 2016, Skyway entered onto the plot to begin construction of the cellular communications tower. Id. ¶ 12. LHI sent a cease and desist letter on December 9, 2016, demanding that Skyway leave its property immediately and refrain from further entry. Id. at ¶ 13. Skyway has remained on the property, has placed heavy equipment, and began earth moving activities, thereby allegedly causing injury to plaintiff's real property. Id. On April 3, 2017, LHI brought this suit alleging trespass and ejectment; seeking ascertainment and designation of a boundary line pursuant to W. Va. Code § 55-4-31; and requesting punitive damages against Skyway.

On January 4, 2018 plaintiff filed its second amended notice of video deposition of defendant Skyway. ECF No. 35. Therein, the plaintiff requested:

> [T]he deponent, the authorized representative of Defendant Skyway, is directed to be prepared and offer testimony on behalf of said defendant on the subjects set forth below:
> 1. Communications with other parties regarding the Cell Tower and Lease in issue;
> 2. All leases, contracts or other agreements between Skyway Towers, LLC, and cellular providers or other entities generating revenues from the Cell Tower/Lease in question, including but not limited to Verizon;
> 3. Skyways' financial position; and
> 4. All surveys and title searches conducted by or on behalf of Skyway Towers, LLC, relative to the Cell Tower/Leases Premises in question.

2

> Deponent is commanded to produce copies of the
> following documents:
>    1. All leases between Skyway Towers, LLC and
>       property owners in the State of West Virginia for
>       the past three (3) years;
>    2. All contracts or other agreements between Skyway
>       Towers, LLC and Verizon or any other cellular
>       provider relating to the Cell Tower in question;
>    3. Audited financial statements for Skyway Towers,
>       LLC for the past three (3) years; and
>    4. Tax returns for Skyway Towers, LLC for the past
>       three (3) years.

Id. Skyway now moves for a partial protective order, pursuant to Fed. R. Civ. P. 26(c)(1), to "protect[] the disclosure of certain portions of information and documentation . . . sought within the Notice of Deposition to Defendant Skyway." Def.'s Mot. 1.

By order entered this day, the court, inter alia, bifurcated this case for the purposes of trial, so that a jury may first determine the disputed boundary line between the adjoining parcels of land. After such boundary line is ascertained, if there is indeed a trespass onto plaintiff's property, then the issue of damages shall be undertaken and determined at a separate trial. The court notes that Skyway's now pending motion is concerned with the discovery of information related to damages, which may or may not be relevant pending the outcome of the initial trial.

Accordingly, it is ORDERED that defendant's motion be, and it hereby is, denied without prejudice to its renewal after the issue of trespass is resolved.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 16, 2018

John T. Copenhaver, Jr.
United States District Judge