UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LAWSON HEIRS INCORPORATED,
a Virginia corporation

    Plaintiff,

v.                                  Civil Action No. 2:17-cv-2198

SKYWAY TOWERS, LLC, a
Delaware limited liability
Company, and DELORSE FRY FARLEY,
and HOWARD LEE FARLEY JR.,
husband and wife,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the plaintiff's motion for reconsideration, filed July 12, 2018, and the defendants' Motion in Limine to Evidence Regarding Defendant Skyway Towers, LLC's Financial Wealth, filed June 28, 2018.

By order entered on July 11, 2018, the court granted the defendants' motion for summary judgment on the issue of punitive damages, resulting in dismissal of the plaintiff's punitive damages claim. Therein, the court held that "the record does not indicate that, if a trespass did occur, it was the result of anything other than 'inadvertence or mistake,' or that it was not done 'in good faith, under an honest belief that

the trespasser was acting within his legal rights.'" Order at 13 (citing Syl. Pt. 4, Reynolds v. Pardee & Curtain Lumber Co., 310 S.E.2d 870 (1983)). Plaintiff now asks the court to reconsider the order and "allow the evidence in the punitive damage claim to proceed to the jury" on two grounds: (1) "to account for new evidence not available at trial," and (2) "to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

The court finds that the deposition testimony relied upon by the plaintiff in its motion does nothing to change the court's conclusion quoted above. Furthermore, the court's July 11, 2018 order contains no clear error of law, nor does it cause an unjust result.

It is further noted that Skyway, when informed by plaintiff's principal that Lawson had a survey showing that the proposed tower invaded its property, requested a copy of that survey and rechecked its own survey to confirm that the tower would be on the Farley property. Though the Lawson survey was twice requested, it was not furnished. The Skyway trespass, if it occurred, was not the result of a willful or wanton act or reckless disregard of the rights of others that would merit

punitive damages.  Accordingly, it is ORDERED that the plaintiff's motion be, and hereby is, denied.

Inasmuch as the evidence of Skyway Towers LLC's financial wealth goes solely towards the issue of punitive damages, the dismissal of which is herein upheld, it is ORDERED that the defendants' motion in limine be, and hereby is, granted.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 22, 2019

John T. Copenhaver, Jr.
Senior United States District Judge